JOSE PABLO TRUJILLO

Plaintiff-Appellee

vs.

WILBUR MORGAN

Defendant-Appellant

Decided on March 19, 1970

Leonard Jimson and Tom Galbraith, D.N.A., Window Rock, Arizona, for Plaintiff-Appellee

Perry Allen, Office of the Prosecutor, Window Rock, Arizona, William MacPherson and Warren Bachtel, Office of the General Counsel, Window Rock, Arizona, for Defendant-Appellant

KIRK, Chief Justice

The Court of Appeals of the Navajo Tribe, Acting Chief Justice, Virgil L. Kirk, Sr., sitting solely heard oral argument of both parties on the propriety of the Trial Court's denial of a motion to dismiss filed by counsel for the Navajo Tribe and Wilbur Morgan.

The motion to dismiss was based on the contention that the Court had no jurisdiction to hear the case on its merits by operation of Resolution CJY-70-69 of the Navajo Tribal Council, Sections 2(5) (F) and 2(5) (D).

Section 2(5) (F) provides:

"All cases presently pending before the Advisory Committee of the Navajo Tribal Council shall be transferred to the Trial Courts of the Navajo Tribe, subject to Subparagraph D of this Section".

Subparagraph D of Section 2(5) states in relevant part:

"The Navajo Tribe, by the Tribal Prosecutor, or the applicant may appeal any decision of the Screening Committee or its lawful successor, or Trial Court of the Navajo Tribe ... within the time provided by law for appeals from judgments of the Trial Courts of the Navajo Tribe ..."

Mr. Trujillo appeared before the Screening Committee in 1956 and was denied admission to membership. In 1969 he requested a rehearing of his case to the Advisory Committee. The Tribal Council by its language in Section 2(5) (F) "transferred" all cases pending before the Advisory Committee to the Trial Courts. The Trujillo case was then pending and was also "transferred" to the Trial Court. No provision was made how the transfer should occur; but Mr. Trujillo initiated his action in the Trial Court at Crownpoint on December 18, 1969, since no other provision had been made for transfer. Appellant argues that the case is an appeal and that it was appealed to late, therefore, being cut off Resolution CJY-70-69, however, transferred all cases then pending before the Advisory Committee to the Trial Courts. Mr. Trujillo's case had previously been cut off from

appeal in 1956. When Mr. Trujillo again placed his request for membership in the hands of the Advisory Committee the fact that he was not denied access to the Committee had the effect of giving him another hearing. By transferring the case to the Trial Court, the Council reopened the case. Reconsideration of Trujillo's case could have been denied either by the Council or the Advisory Committee, but it was not. No time limitation was stated in the Resolution for taking a transferred case to the Trial Court, nor was it made clear whether it was an automatic transfer as the language might be taken to apply or the interested party must hand carry it to the Courts. The limitation of thirty days refers only to cases appealed from the Screening Committee to the Trial Court or from the Trial Court to the Court of Appeals. If the Council meant something other than this, it was not stated in the Resolution nor in the discussion in Council chambers at the time the Resolution was passed. Only the cases which were pending before the Advisory Committee at the time of the Resolution's passage (July 24, 1969) were transferred to the Trial Court. All other cases must be appealed to the Trial Court as outlined in Section 2(5) (D) from a final order of the Screening Committee. Here there was no final order and could therefore be no appeal. This is so because any appeal from prior Screening Committee or Advisory Committee action had already passed its time limitation.

For the above reasons, denial of the motion to dismiss is therefore denied. This case has been heard on its merits in the Trial Court and an appeal on that case is pending before this Court. Because of the nature of the case it is ORDERED that it be a de novo

or new trial.

The Court of Appeals chastises counsel for the appellee for their late appearance and apologizes to counsel for the appellant for its own late appearance.

DONE in open Court on the 12th day of MARCH and SIGNED on the 19th day of MARCH, 1970.